IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:05CR33 |
| | § | |
| DOUGLAS WILLIAM CROOK | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on October 3, 2013 to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Ernest Gonzalez.

On November 17, 2005, Defendant was sentenced by the Honorable Michael H. Schneider, United States District Judge, to a sentence of 97 months imprisonment , 37 months as to Count 4, and 60 months as to Count 5, ordered to run consecutively, followed by a 3 and 5 year term of supervised release, respectively, for the offenses of: Count 4 - Possession with Intent to Distribute Methamphetamine; and Count 5 - Possession of a Firearm During and in Relation to a Drug Trafficking Crime. Defendant began his term of supervision on November 30, 2012. On May 13, 2013, the case was transferred to the Honorable Marcia A. Crone, United States District Judge.

On May 23, 2013, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (Dkt. 53). The Petition asserts that Defendant violated

1

the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (3) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; and (4) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

The Petition alleges that Defendant committed the following violations: (1) On or about March 22, 2013, Defendant committed the offense of assault in violation of the Texas Penal Code § 22.01 by knowingly and intentionally slapping Leah Marr in the face and grabbing her jaw squeezing tightly causing her pain. During the incident, Leah Marr was holding her two year old daughter in her arms. The Van Alstyne Police Department responded and observed red impressions on her jaw-line; however, Ms. Marr did not wish to pursue charges and no arrest occurred. As of May 23, 2013, no formal charges have been filed; (2) On or about March 28, 2013, Defendant was arrested by the Texas Department of Public Safety for committing the offense of Driving While Intoxicated (DWI). It is alleged Defendant was traveling at 75 mph in a 65 mph zone. He failed the field sobriety test and refused to submit a blood sample for testing. Defendant posted a $1,500 bond, which included conditions of release, the following day. On May 10, 2013, the charge was filed in Collin County Court at Law No. 2 under Case No. 002-83152-2013, and remains pending, as of this writing; (3) Defendant failed to notify the probation officer within seventy-two hours of being questioned by a Van Alstyne Police Officer on or about March 22, 2013. Defendant also failed to notify the probation officer within seventy-two hours of being arrested by a Trooper with the

Texas Department of Public Safety on or about March 28, 2013; (4) Following his arrest for driving while intoxicated, Defendant was instructed on April 3, 2013, to abstain from the use of alcohol as noted in his DWI conditions of bond release. On April 16, 2013, Defendant failed to follow the instructions of the probation officer by submitting a urine specimen that tested positive for alcohol. Defendant further failed to follow the instructions of the probation officer by admitting on May 9, 2013, to consuming a 12 oz can of beer prior to operating his mother's car. A Breathalyzer was administered resulting in a breath alcohol concentration of 0.034. Additionally, on April 16, 2013, Defendant stated before and after the submission of a urine specimen for testing that he had not consumed any alcohol. As evidenced by the test result, Defendant failed to answer truthfully the inquiry by the probation officer.

At the hearing, Defendant entered a plea of true to the alleged violations. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release and that his supervised release should be revoked.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984 and having considered the arguments presented at the October 3, 2013 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of six (6) months, followed by 48 months supervised release. Defendant will be given credit for time served for any time that is

applicable. The Court further recommends that Defendant's term of imprisonment be carried out in the Bureau of Prisons facilities located in Seagoville, Texas, if appropriate.

**SIGNED this 14th day of October, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE